OPINION
Defendant-appellant, George A. Pryor, was previously convicted of three sexually oriented offenses, one count of gross sexual imposition in violation of R.C. 2907.05 in Franklin County, one count of kidnapping a minor in violation of R.C. 2905.01, and one count of felonious assault in violation of R.C. 2903.11 in Hamilton County. At the time of the sexual predator hearing, which was held in Franklin County, defendant had completed his Franklin County sentence and was imprisoned under the Hamilton County sentence.
Defendant raises three assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT HAD NO STATUTORY AUTHORITY OR JURISDICTION TO CONDUCT THE SEXUAL PREDATOR HEARING IN FRANKLIN COUNTY SINCE HAMILTON COUNTY WAS THE COURT WITH PROPER JURISDICTION.
 ASSIGNMENT OF ERROR NUMBER TWO
 THE SEXUAL PREDATOR CLASSIFICATION, REGISTRATION, AND NOTIFICATION PROVISIONS OF R.C. CHAPTER 2950 ARE UNCONSTITUTIONAL SINCE THEY CONSTITUTE AN INVALID EXERCISE OF THE STATE'S POLICE POWER.
 ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE DEFENDANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE.
The legislature, in enacting R.C. 2950.09(C)(1), provided:
 (C)(1) If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correction institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section. [Emphasis added.]
The statute begins by discussing the subject of the legislation, "a person * * * convicted of * * * a sexually oriented offense." The department is to send its recommendation "to the court that sentenced the offender." This means the sexually oriented offender. This court has previously held that the sexual predator hearing is to be held in the court that sentenced the offender for a sexually oriented offense. State v. Martin (Apr. 25, 2000), Franklin App. No. 99AP-929, unreported. Here, however, the defendant was sentenced by two different courts for sexually oriented offenses, Franklin County and Hamilton County.
Defendant argues that, because he had completed serving the Franklin County sentence, the Franklin County Court of Common Pleas did not have jurisdiction. In support of this argument, defendant cites State v. Yoakam (Sept. 24, 1997), Union App. No. 14-97-09, unreported. Defendant urges that, because he was not imprisoned on a sexually oriented offense from Franklin County at the time of the sexual predator hearing, Franklin County did not have jurisdiction to hold the hearing. This court does not agree, as R.C. 2950.09 provides that jurisdiction is lodged in any court which has sentenced the defendant for a sexually oriented offense.
This is not a case where only one court had jurisdiction. The statute requires that there is a sexually oriented offense conviction, that the defendant is currently incarcerated, and that the department makes a determination that it will recommend adjudication as a sexual predator. Its determination is to be sent to "the court that sentenced the offender." The court that sentenced the offender refers back to the subject of the statute, "a person * * * convicted of * * * a sexually oriented offense." R.C. 2950.09(C)(2)(b) further supports the interpretation that this language refers to the court that sentenced the defendant for the sexually oriented offense. It provides that notice of the hearing shall be given to the offender and the prosecutor who prosecuted the offender for the sexually oriented offense. Since, here, both courts sentenced defendant to sexually oriented offenses, either court, Franklin County or Hamilton County, could take jurisdiction of this matter.
The defendant could have raised the issue of venue at the trial court level, but he did not. He could have urged the trial court to transfer the matter to the Hamilton County Court. Where, as here, two different courts have sentenced defendant for sexually oriented offenses, either court may hold the sexual predator hearing. Both courts have documents giving rise to the indictment and conviction of the defendant for a sexually oriented offense. Both courts have probation departments that were called upon or that were responsible for providing the court with investigative and sentencing information. Finally, both courts have witnesses within their jurisdiction that may be called upon.
Defendant's first assignment of error is overruled.
Defendant argues in his second assignment of error that the sexual predator classification, registration and notification provisions of R.C. Chapter 2950 are unconstitutional. This argument has been considered and rejected by the Ohio Supreme Court in State v. Williams (2000), 88 Ohio St.3d 513. Thus, defendant's second assignment of error is overruled.
The evidence presented from defendant's convictions included that defendant raped one woman three times after brandishing a gun, and sexually molested and beat a sixteen-year-old girl. Defendant, while out on bail awaiting sentencing, committed two separate aggravated burglaries. First, the commission of multiple sex offenses over a ten-month period is a relevant factor to be considered in determining whether the defendant is likely to commit sexually oriented offenses in the future. Second, defendant's offense against a teenager indicates he has a "high potential of recidivism." State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported. Finally, the type and number of offenses committed by defendant demonstrate a propensity to offend again. Taken together, these facts indicate a history of sexually offensive conduct with a propensity to commit such offenses in the future.
The trial court's fact finding is presumed valid. Statev. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported. The trial court could consider "all relevant factors" in making its determination as to future propensity. R.C.2950.09(B)(2). Did those facts justify the trial court's determination that the defendant is likely to commit sexually oriented offenses in the future? Yes.
R.C. 2950.01(E) provides that a sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." This standard is aimed at the defendant's propensity to engage in future sexually oriented offenses. One way of determining future conduct is to look at past behavior since it is an indicator of future propensity. State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported, citing Kansas v. Hendricks (1997),521 U.S. 346, 358-359.
In determining that defendant is a sexual predator, the trial court considered the indictments which led to defendant's convictions for sexually oriented offenses in Franklin and Hamilton County, a pre-sentence report prepared prior to defendant's sentencing in Franklin County, a post-sentence report prepared by the Adult Parole Authority in Franklin County, a post-sentence report prepared by the Adult Parole Authority in Hamilton County, and a psychiatric evaluation prepared at the request of the Hamilton County Court of Common Pleas. Although the defendant participated in sex offender treatment programs, these were not offered for consideration to the trial court in the sexual predator hearing.
There is no set weight to be given to any one factor. Each factor is to be considered in conjunction with all other relevant factors and the trial court could give such weight to any factor as it deemed appropriate. There was sufficient evidence for the trial court to find, by clear and convincing evidence, that defendant is a sexual predator, as that term is defined by R.C. 2950.01(E).
Defendant's third assignment of error is overruled.
For the foregoing reasons, defendant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
DESHLER and KENNEDY, JJ., concur.
GEORGE, J., retired, of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.